IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI A. MESTA, | ) | |
| | ) | Civil Action No. 14 - 703 |
| Plaintiff, | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| RBS CITIZENS N.A. and CITIZENS BANK OF PENNSYLVANIA, | ) ) | ECF No. 17 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Individual and Collective Class Action Complaint (ECF No. 17). On May 30, 2014, Plaintiff initiated this lawsuit against the Defendants, and filed her First Amended Complaint ("Am. Compl.", ECF No. 15) on September 25, 2014, which is the subject of the Defendants' pending motion to dismiss. In her First Amended Complaint, Plaintiff asserts an individual and collective/class action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA"), and claims under the Pennsylvania Minimum Wage Act, as amended, 43 P.S. §333.101 *et seq.* ("PMWA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.* ("WPCL"), and Pennsylvania common law for breach of contract, to recover damages for non-payment of wages and overtime wages for herself and on behalf of others similarly situated.

Plaintiff was employed by Defendants from July 2012 until January 10, 2014 as a senior personal banker. (Am. Compl., ¶9.) Essentially, Plaintiff alleges that Defendants promised, both verbally and in various writings, that certain hourly, non-exempt, employees such as Mesta, would be paid non-discretionary, performance-based bonuses for originating various types of loans (mortgage, home equity, business, etc.) (*Id.* at ¶10.) Defendants paid Mesta and other

hourly employees any non-discretionary bonuses approximately two months after the end of the quarter during which their services were performed. (*Id.* at ¶11.) Plaintiff performed services during the last quarter of 2013, which allegedly met the requirements for the non-discretionary bonus. (*Id.* at ¶¶14-15.) On January 10, 2014, Defendants terminated Mesta. (*Id.* at ¶16.) Although Mesta earned a non-discretionary bonus of approximately $18,000 during the fourth quarter of 2013, Defendants did not pay her that bonus because she was not employed at the end of February, 2014 when the bonuses were paid out. (*Id.* at ¶20.) Defendants only informed Mesta after she was terminated that in order to be paid the bonus, their policy required that she be employed by Citizens at the time the bonus would be paid. (*Id.* at ¶19.)

Although bonuses are paid approximately two months after they are earned, the amount of the bonus is allocated to the previous quarter, requiring that the regularly hourly rate of Mesta and other employees similarly situated be recalculated to take into consideration the bonuses, thereby increasing the hourly rate for each employee by the proportionate amount of the bonus. (*Id.* at ¶¶22-23.) Consequently, overtime wages must also be recalculated based on the increase in the hourly wage due to the bonuses. (*Id.* at ¶24.) In the fourth quarter of 2013, Mesta worked overtime and claims that because she earned a bonus during that quarter, she is also entitled to an additional payment for increased adjusted overtime. (*Id.* at ¶¶ 26-27.)

In addition, in previous quarters within the statute of limitations, Plaintiff contends that Defendants unlawfully reduced her bonus by applying a "seasoning period" after all of the services required to earn the bonus were performed. (*Id.* at ¶31.) This "seasoning" involved reducing the amount of the bonus earned in the preceding quarter if events after the end of the quarter occurred, such as a customer closed an account that was opened in the previous quarter. (*Id.* at ¶32.)

**Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556-57).

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 117–18 (3d Cir.2013).

3

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

**Analysis**

Defendants argue that Plaintiff's WPCL and common law breach of contract claims fail as a matter of law because: (1) Plaintiff's claims are based on and controlled by the terms of the Retail Sales Incentive Plan ("Plan"), (2) Plaintiff failed to meet a condition precedent under the Plan, i.e., the Plan forecloses payment of a bonus unless the employee is actually employed on the date the bonus is paid, and (3) Plaintiff signed a wage and hour release ("Release"), releasing Defendants from any and all wage and hour claims based on events that occurred before October 28, 2013, and because Plaintiff's new claims are based on events that occurred prior to October 28, 2013, the Release prevents her from bringing such claims. In addition, Defendants argue that Plaintiff's FLSA and PMWA claims fail as a matter of law because they are entirely derivative of her WPCL and breach of contract claims.

In response, Plaintiff initially counters that the Court may not consider the Plan and Release on a motion to dismiss because she attached neither document to her Complaint or First Amended Complaint. Plaintiff contends that under the law of this circuit, extraneous documents

may only be considered on a motion to dismiss if they are "undisputedly authentic" and "*integral to or explicitly relied* upon in the complaint." *Burlington Coat Factory,* 114 F.3d at 1426 (quoting *Shaw,* 82 F.3d at 1220; *Trump,* 7 F.3d at 368 n. 9). Plaintiff submits that Defendants cannot make that showing as the claims in the First Amended Complaint are not based on the two extraneous documents.

The Court agrees with Plaintiff. It is well settled that extraneous documents may only be considered on a motion to dismiss if they are "undisputedly authentic" and "*integral to or explicitly relied* upon in the complaint." *Burlington Coat Factory,* 114 F.3d at 1426 (quoting *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir. 1996); *In re Donald J. Trump Sec. Litig. – Taj Mahal Litig.,* 7 F.3d 357, 368 n.9 (3d Cir. 1993)). Mesta did not refuse to attach the Plan to her First Amended Complaint to avoid dismissal,[1] but rather, omitted the Plan because she does not assert claims under the Plan and maintains that she is not bound by the Plan. Indeed, Plaintiff expressly states in her First Amended Complaint that her claims are not predicated on the Plan. (Compl., ¶¶46-47, 50.) Instead, Plaintiff alleges that her WPCL and breach of contract claims are based upon expressed promises (both verbal and written) made to her and the class when coming to work for Defendants, and on repeated occasions while working towards earning the bonuses, on Defendants' past practices for paying the bonuses, and on the fact that Defendants adjust the earnings and overtime pay for Plaintiff and others in the class in the quarter previous to when the bonuses are paid. (*Id.* at ¶47.) Similarly, Plaintiff argues that

---

[1] Thus, the situation presented here is not the one the rule seeks to prevent, i.e., where the "plaintiff is able to maintain a claim . . . by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not [actionable]." *Burlington Coat Factory,* 114 F.3d at 1426 (citing *Shaw,* 82 F.3d at 1220).

the Release does not provide the basis for Mesta's claims, as it does not even relate to the subject matter of this lawsuit, but like the Plan, is only relevant to a potential affirmative defense.

Taking these factual allegations as true, as the Court is required to do on a motion to dismiss, the Court cannot find that the Plan is integral to the First Amended Complaint. Rather, it appears that the Plan is relevant to a potential affirmative defense of the Defendants, which cannot provide the basis for a motion to dismiss under Rule 12(b)(6). *Borough of Moosic v. Darwin Nat'l Assurance Co.,* 556 F. App'x 92, 98 (3d Cir. 2014) (an affirmative defense to a contract claim cannot provide a basis for dismissal under Rule 12(b)(6)) (citing *Victaulic Co. v. Tieman,* 499 F.3d 227, 234-35 (3d Cir. 2007)); *In re Adams Golf, Inc. Sec. Litig.,* 381 F.3d 267, 277 (3d Cir. 2004) ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6).") (footnote & citation omitted); *Davis v. CMH Mfg., Inc.*, No. 14-1404, 2014 WL 5020917, at *4 (M.D.Pa. Oct. 8, 2014) (refusing to consider documents attached to the motion to dismiss where only defendant's affirmative defense, not plaintiff's claims, were based on those documents).[2]

---

[2] Defendants' reliance on *Borough of Moosic* and *McGough v. Broadwing Communications, Inc.*, for the proposition that "Courts in this circuit have held that it is proper to consider the terms of a unilaterally implemented plan or policy attached to a defendant's motion to dismiss provided the plaintiff's claims arise out of that plan or policy", is misplaced. In the *Borough of Moosic*, the court of appeals found that the documents attached to the motions to dismiss met the definition of "integral to or explicitly relied upon in the complaint", *Borough of Moosic,* 556 F. App'x at 95, which stands in contrast to the case at bar. In *McGough v. Broadwing Commc'n,* 177 F.Supp. 2d 289, (D. N.J. 2001), no such issue was presented to the court, as the documents at issue were attached to the complaint.
   Moreover, the court of appeals in *Borough of Moosic* did not hold that a defendant may prevail on a motion to dismiss a breach of contract claim by showing that the plaintiff failed to meet a condition precedent, as represented by Defendants in their Reply Brief, *see* ECF No. 26 at 4. Rather, the court of appeals opined that *if* the contract provision at issue is a condition precedent, then plaintiffs initially bear the burden of demonstrating that a claim falls within the policy's grant of coverage. *Borough of Moosic,* 556 F. App'x at 97 (citation omitted). The court of appeals concluded, however, that the provision at issue was *not* a condition precedent, but an

Therefore, the Court finds that it may not consider the Plan or the Release in deciding Defendants' motion to dismiss. Without these documents, Defendants cannot establish, as a matter of law, that Plaintiff's WPCL and breach of contract claims are precluded by the Plan and Release, and thus, fail to state a claim.[3]

In further response to the motion to dismiss, Plaintiff argues that even if the court determined that it could consider the Plan and Release in ruling on the motion to dismiss, dismissal is not appropriate here because several antecedent questions of fact exist which must be resolved to determine whether those documents provide an affirmative defense to Plaintiff's claims. The Court agrees with Plaintiff. It was clear from the parties' briefs and the subsequent discussion at the Initial Case Management Conference on December 10, 2014, that the parties dispute which agreements actually govern the claims asserted by Plaintiff, and whether any condition precedent has been satisfied. Discovery on the merits of these issues is needed to adequately flush out their respective claims and affirmative defenses.

Accordingly, the Court finds that the merits of Plaintiff's WPCL and breach of contract claims involve questions of fact that must be resolved to determine which agreements actually govern the parties' dispute here, and therefore, are more properly before the Court on a motion for summary judgment. It would be premature to decide the issue without allowing Plaintiff an opportunity to develop the record through the discovery process. Moreover, because Plaintiff's PMWA and FLSA claims are derivative of the WPCL and breach of contract claims, the same

---

exclusion under the policy, for which the defendant bears the burden of proof, and constitutes an affirmative defense, which cannot be relied upon "to trigger dismissal of a complaint under Rule 12(b)(6)." *Id.* at 98 (citing *Victaulic Co.,* 499 F.3d at 234-35).

[3] The Court notes that the cases cited in Defendants' Reply Brief regarding the WPCL claim were all decided on motions for summary judgment, not motions to dismiss, and the governing contract was not in dispute, as in the case at bar.

issues are present with those claims, and therefore, they too are more appropriately decided on a motion for summary judgment.

Accordingly, the Court enters the following Order:

**AND NOW, this 18th day of December, 2014,** after due consideration to Defendants' Motion to Dismiss Plaintiff's First Amended Individual and Collective Class Action Complaint (ECF No. 17) and supporting briefs (ECF Nos. 18 & 26), and Plaintiff's Responses thereto (ECF Nos. 24 & 32), **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 17) **IS DENIED**.

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge