# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI A. MESTA, | ) |
| Plaintiff, | ) Civil Action No. 14-703 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| CITIZENS BANK, N.A.; CITIZENS BANK OF PENNSYLVANIA, | ) ECF No. 53 |
| Defendants. | ) |

## **OPINION**

Plaintiff filed suit against Defendants alleging violations of the Fair Labor Standards Act (29 U.S.C. §201 et seq.)("FLSA"), the Pennsylvania Minimum Wage Act, (43 P.S. §333.101 et seq.), and the Pennsylvania Wage Payment and Collection Law (43 P.S. §260.1 et seq.) by not paying her a bonus for the last calendar year of her employment . (ECF No. 1). The case was initially filed as a collective class action. No ruling has been made as to class certification. On May 28, 2015 plaintiff amended her complaint to drop the class and collective claims and proceed as an individual. (ECF No. 52). On June 12, 2015 the parties filed this Joint Motion for Leave to File Under Seal. (ECF No. 53). The parties advise that they have reached a settlement of this matter and would like the court to approve same. They ask the court for leave to file the Settlement Agreement under seal with their motion for court approval. All parties consented to the jurisdiction of the magistrate judge. (ECF No. 14).

The Motion avers that the settlement agreement contains financial and other confidential information concerning the terms of the private settlement agreement reached between the parties. For the reasons that follow, the Court denies the motion to seal.

A presumption of right of public access attaches to documents created in the course of civil proceedings. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (citations omitted). This presumption can be rebutted "for documents which have not been 'filed with, … interpreted or enforced by the district court,'" *id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994)), if disclosure would compromise trade secrets or information that would "seriously compromise personal or institutional privacy or national security," *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013), or if the parties have relied on statements by the court that documents will remain confidential. *LEAP*, 638 F.3d at 222 (finding the presumption of public access rebutted because the movant "would not have entered settlement agreements *but for* the Court's assurance of confidentiality").

In the case of private FLSA actions for unpaid back wages, some courts have held that settlement agreements must be presented to the district court for approval before they can be considered valid and binding. *See, e.g., Lynn's Food Stores, Inc. v. U.S. ex rel U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Weismantle v. Jali*, No. 2:13-CV-01087, 2015 WL 1866190, at *1 (W.D.Pa. Apr. 23, 2015)*; Deitz v. Budget Renovations and Roofing, Inc.*, No. 4:12-CV-0718, 2013 WL 2338496 (M.D. Pa. May 29, 2013). *But see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). (holding that a private settlement of claims under the FLSA is permissible where a bona fide dispute exists as to liability and the settlement did not compromise guaranteed FLSA substantive rights). The U.S. Court of Appeals for the Third Circuit has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases. Regardless of whether there is a requirement for court approval of the settlement, the parties here have requested it.

Settlements that are filed with the district court are considered to be a part of the judicial record and the presumption of right of public access attaches. *Bank of Am. & Nat'l Trust v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986). Parties seeking to rebut this presumption bear the burden of persuasion and must demonstrate concrete examples of harm that would result from disclosure. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test [for good cause not to disclose]."). The fact that parties have agreed to a nondisclosure provision is not by itself sufficient. *Goesel*, 738 F.3d at 835.

Numerous courts have been asked to consider and approve the terms of an FLSA settlement agreement and the vast majority of those court have found that the agreement should not be sealed. For a comprehensive list of these cases, I refer to my colleague, District Judge Hornack's, opinion in *Weismantle,* 2015 WL 1866190, at *1. In addition to the multitude of arguments favoring public access to court records, there are specific reasons that apply to the issue of public access to settlement agreements in FLSA cases, as aptly summarized in *Stalnaker v. Novar Corp.*, 293 F.Supp. 2d 1260 (M.D.Ala.2003):

> And the presumption is surely most strong when the "right" at issue is of a "private-public character," as the Supreme Court has described employee rights under the FLSA. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 708, 65 S.Ct. 895, 903, 89 L.Ed. 1296 (1945). This public character is based on "an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided." *Id.* at 706–707, 65 S.Ct. at 902 (footnotes

> omitted). Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger "the national health and well-being." *Id.*

*Id.* at 1264.

Because the parties herein have filed the settlement agreement with the court with the intent of requesting court approval, it is a judicial record and subject to the presumption of right of public access. The parties bear the burden of persuasion to rebut this presumption. The argument presented is that the agreement contains "financial and other confidential information concerning the terms of the settlement…."( ECF No. 53 ¶4). In other words, the amount of the settlement will be revealed. Is this not the exact information that the public is entitled to access in the settlement of an FELA case? How can the public ascertain whether the court has properly exercised its authority in approving an FLSA settlement if it does not know the amount of the settlement? The parties further argue that no factor weighs in favor of public disclosure as disclosure of same serves no public purpose or concerns any matter of public importance. *Id., ¶9*. To the contrary, as the *Stalnaker* court so aptly explained, there is a deep public interest in assuring that employees' wages are fair. Nor have the parties shown that this settlement agreement meets any of the exception criteria for trade secrets or other sensitive information or that they have relied on any statements by this Court assuring confidentiality.

Therefore, the parties' Joint Motion for Leave to File Confidential Joint Motion Leave to File Under Seal (ECF No. 53) will be denied.[1]

---

[1] In *Luo v. Zynga*, the U.S. District Court for the Northern District of California suggests three choices for the parties following the denial of such a motion: "(1) file a notice informing the Court that they wish to withdraw their motion seeking approval of the settlement and dismissal of the case; (2) file the unsealed settlement agreement as a public record; or (3) file a stipulated request for additional time if necessary to negotiate a new settlement." No. 13-CV-00186 NC,

An appropriate Order will follow.

Dated: June 30, 2015							By the Court:

							/s/ Lisa Pupo Lenihan
							Lisa Pupo Lenihan
							United States Magistrate Judge

cc:	Counsel of record

---

2013 WL 5814763, at *4 (N.D. Cal. Oct. 29, 2013). If the parties choose option one, this District requires that the parties file a motion to withdraw their original motion, as opposed to a "notice".